IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SASHA A. HICKS,                                     Civ. No. 08-18-HO

        Plaintiff,                               ORDER

  v.

Commissioner of Social Security,

        Defendant.

    Plaintiff filed this action for review of the decision of the Commissioner denying her applications for a period of disability and disability insurance and supplemental security income benefits.  Because it is supported by substantial evidence and free of material error, the decision of the Commissioner is affirmed.

<u>Discussion</u>

    Portions of the record cited by the administrative law judge do not support his finding that medical evaluators concluded that plaintiff purposely produced "sub-maximal effort, florid pain

behavior and magnified symptoms." (Tr. 24-25 (citing to exhibits 13F2; 33F1, 2-5; and 40F9-11)). Plaintiff's statements to Dr. Flewwelling and the State of Oregon that she is capable of part time work are not inconsistent with her allegation that she has been disabled within the meaning of the Social Security Act since 1999. Carmickle v. Commissioner, 533 F.3d 1155, 1161-62 (9th Cir. 2008). The ALJ's reliance on these reasons for finding that plaintiff deliberately exaggerated limitations and symptoms is harmless, because the remaining reasons cited by the ALJ are clear and convincing and supported by substantial evidence. The ALJ properly considered that (1) the exhibits referenced above prove that plaintiff's symptoms exceed what is predicted by the objective medical evidence, (2) plaintiff failed to seek medical care for her back between November 2001 and October 2002, (3) plaintiff's explanation that she lacked insurance during that period is inconsistent with her September 28, 2001 statement that she would be covered by her husband's insurance beginning in October 2001, and (3) plaintiff raised a toddler, obtained a general equivalency diploma, attended classes in business and completed training in computer literacy and customer service, and reported taking no medication in November 2001, all after her alleged onset date. (Tr. 25, 178, 240, 301, 307, 401, 417, 698). Elsewhere the ALJ properly noted that the medical record contains few complaints, and no objective evidence, of serious symptoms

2 - ORDER

alleged by plaintiff including facial numbness, tinnitus, frequent blackouts, dizziness with chest pain, memory loss, stuttering and sporadic paralysis. (Tr. 22, 666).

Based on the foregoing, the ALJ permissibly determined that plaintiff exaggerated responses, limitations and symptoms. (Tr. 24-25). He therefore permissibly rejected Dr. Bernstein's impression that plaintiff has a chronic pain syndrome. (Tr. 524). See American Psychiatric Association, <u>Diagnostic and Statistical Manual of Mental Disorders</u>, 2000, p. 503. There is no need to further develop the record with respect to this impairment.

The ALJ stated specific, legitimate reasons supported by substantial evidence to favor the opinion of examining physician Kurt Brewster, M.D., over the opinions of other treating and examining physicians. The tender and control point exam administered by Dr. Brewster yielded a negative result for fibromyalgia. (Tr. 24, 667). Drs. Flewwelling and Park did not identify diagnostic tender points or negative control points. (Tr. 24, 323-47, 369-86, 411-27, 481-82). Dr. Hudson, who stopped short of providing a diagnosis, simply noted a few areas of tenderness, but no control points. (Tr. 24, 698-99). Dr. Pylman's exam did not yield a positive result for fibromyalgia under criteria set forth by the American College of Rheumatology. (Tr. 24, 505).

3 - ORDER

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

SO ORDERED.

DATED this __24th__ day of May, 2009.

                                                                                   s/ Michael R. Hogan  
                                                                United States District Judge